IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALEEM SHABAZZ,                          :
                                        :
            Petitioner,                 :
                                        :
      v.                                : Civ. Act. No. 15-978-LPS
                                        :
WARDEN, Philadelphia Federal Detention  :
Center, and ATTORNEY GENERAL OF         :
THE STATE OF DELAWARE,                  :
                                        :
            Respondents.[1]             :

---

Aleem Shabazz. *Pro Se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 20, 2019
Wilmington, Delaware

---

[1] Petitioner was in custody at FDC Philadelphia when he filed the instant Petition, and the docket does not indicate any change in that location. Therefore, the Court has changed the caption of the case to reflect his custody at FDC Philadelphia. *See* Rule 2(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

STARK, U.S. District Judge:

I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner Aleem Shabazz ("Petitioner"). (D.I. 1; D.I. 5) The State has filed an Answer in Opposition. (D.I. 8) For the reasons discussed, the Court will dismiss the Petition.

II. BACKGROUND

A. State Criminal Cases

On March 12, 2010, Petitioner was arrested in New Castle County, Delaware, in connection with a series of burglaries. Two separate criminal cases were opened in the Delaware Superior Court: No. 1001022220 and No. 1003005615. (D.I. 8 at 1) On March 29, 2010, a New Castle County grand jury charged Petitioner by indictment in No. 1001022220. Petitioner posted bail in both cases and was released in April 2010. On May 10, 2010, a New Castle County grand jury charged Petitioner by indictment in both cases, and case No. 1003005615 was consolidated into case No. 1001022220 (hereinafter referred to as "Consolidated Case A"). (D.I. 8 at 2)

On June 14, 2010, Petitioner was arrested in connection with additional burglaries he committed while on pretrial release. On August 2, 2010, a New Castle County grand jury charged him with additional offenses (hereinafter referred to as "Case B"). (D.I. 8 at 2)

On September 20, 2010, Petitioner entered a guilty plea in Consolidated Case A to three counts of second degree burglary, two counts of third degree burglary, and second degree conspiracy, in exchange for which the State agreed to enter a *nolle prosequi* on the balance of the indictment. (D.I. 8 at 2) A week later, on September 27, 2010, Petitioner entered a guilty plea in Case B to possession of burglary tools and misdemeanor criminal mischief. (*Id.*)

On February 4, 2010, the Superior Court sentenced Petitioner in both cases (Consolidated Case A and Case B) to an aggregate of sixteen years at Level V incarceration, suspended after three

years for two years at Level IV work release, suspended after nine months for one year and three months of Level III probation. Petitioner did not appeal or file any post-conviction motions. (D.I. 8 at 2)

In April 2014, Petitioner was charged with possession of drug paraphernalia while he was on Level III probation. (D.I. 1 at 1, 4) A violation of probation ("VOP") report was not filed in his two state criminal cases at that time. (*Id.*) Instead, a VOP supplemental report was docketed in Consolidated Case A on March 30, 2015 and in Case B on April 1, 2015. (D.I. 8 at 2) The docket states: "According to P&P, report originally filed in August 2014, but never docketed or defendant scheduled. A supplemental report has been filed requesting a capias." (*Id.*) Petitioner was taken into custody on the capias, but then turned over to federal authorities. (D.I. 8 at 2-3) When Petitioner filed the instant Petition, the Superior Court had not yet adjudicated the VOP in either case. However, it appears that the Superior Court found Petitioner in violation in both cases on October 26, 2017. *See Shabazz v. State*, 183 A.3d 1257 (Table), 2018 WL 1445710, at *1 (Del. Mar. 22, 2018). Petitioner appealed, but the Delaware Supreme Court dismissed the appeal on March 22, 2018 due to Petitioner's failure to file the appropriate forms and his failure to respond to the Delaware Supreme Court's notice to show cause. *Id.*

### B. Federal Criminal Case

On April 28, 2015, Petitioner was indicted in this Court on six firearms related offenses. *See United States v. Shabazz*, Crim. No. 15-20-LPS D.I. 1. On February 4, 2016, a federal jury convicted Petitioner of four of the six offenses on which he was tried, relating to straw purchases and unlawful possession of firearms. *See id.* D.I. 52, D.I. 53. The parties disputed whether Petitioner's previous convictions under Delaware's second degree burglary statute constituted violent felonies subjecting him to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C.

§ 924(e) ("ACCA"). *See id.* D.I. 93 at 2-3. The parties submitted several rounds of briefs on the issue and the Court heard oral argument on the applicability of ACCA on April 6 and August 29, 2017. At the conclusion of the August 29, 2017 hearing, the Court ruled from the bench that ACCA does not apply to Petitioner's case and later issued a Memorandum Opinion further articulating its reasoning. *See id.* D.I. 93. The case is currently on appeal before the Third Circuit.

### C. Federal Habeas Proceeding

In October 2015, Petitioner filed a letter in this Court addressed to Delaware Superior Court Judge Calvin L. Scott, which was docketed as a request for federal habeas relief. (D.I. 1) On January 20, 2016, Petitioner filed a completed form Petition under 28 U.S.C. § 2254. Liberally construing the original letter and form Petition together to be one federal habeas Petition, the Petition asserts the following four claims: (1) DELJIS and the VOP report improperly refer to Petitioner's three second degree burglary convictions as "violent felonies;" (2) his state court convictions should have been consolidated, as indicated in his plea agreement; and (3) the April 2014 incident for which he was charged with possession of drug paraphernalia cannot be considered as a violation of his probation because the VOP report was not filed until five months after the expiration of his fifteen-month probationary period. The State contends that all three Claims should dismissed for lack of jurisdiction because they fail to allege issues cognizable on federal habeas review. (D.I. 8 at 4) Alternatively, the State contends that Claim Three (VOP claim) should dismissed as unripe, and Claims One and Two should be dismissed as time-barred, procedurally barred, or meritless. (D.I. 8 at 4-10)

### III. COGNIZABILITY

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

3

U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law.").

The arguments in Claims Two and Three allege state-law errors.[2] Petitioner does not assert the arguments as violations of federal constitutional law, nor does he rely upon any United States Supreme Court decisions from which reliance upon a federal constitutional basis can be discerned. For instance, in Claim Two, Petitioner contends that his burglary convictions should not be characterized as violent felonies under Delaware law, and he attached copies of Delaware statutes to support this argument. (D.I. 1 at 5-10) In Claim Three, Petitioner contends that he cannot be found to have violated his probation as a result of his being charged with possession of drug paraphernalia in April 2014, because the VOP Report was filed after his probationary period had ended.[3] (D.I. 1 at 1; D.I. 5 at 5) In essence, Petitioner is challenging the Superior Court's

---

[2]The State contends that Claim One, which asserts that Petitioner's two convictions were not consolidated as agreed upon in the plea agreement, also alleges an issue of state law that is not cognizable on federal habeas review. However, given Petitioner's argument that the alleged failure to consolidate the two convictions constituted a violation of his plea agreement (D.I. 5 at 5), the Court construes Claim One as asserting an issue cognizable on federal habeas review.

[3]When Petitioner filed the instant Petition, his VOP proceeding was still pending before the Delaware Superior Court. As such, the State responded that Claim Three should be dismissed as unripe. (D.I. 8 at 4-5) Since the Delaware Superior Court found Petitioner to be in violation of his

---

probation during the pendency of this proceeding, see *Shabazz*, 2018 WL 1445710, at *1, the Court cannot dismiss the Claim as unripe.

jurisdiction over his VOP proceeding, which raises only issues of state law.⁴ *See Jones v. Carroll*, 388 F.Supp.2d 413, 420-21 (D.Del. 2005) (claims challenging state court's jurisdiction are not cognizable on federal habeas review) (collecting cases); *see also Lane v. McNeil*, 2012 WL 2849161, at *6 (N.D. Fla. June 6, 2012); *James v. Owens*, 2006 WL 1008973, at *6 (M.D. Al. Apr. 17, 2006). For all of these reasons, the Court will dismiss Claims Two and Three for failing to assert issues cognizable on federal habeas review.

## IV. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 23, 1996. *See* 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

⁴Delaware state law permits a VOP to be filed after the expiration of the probationary period, provided that the violation itself occurred during the probationary period. *See Tiller v. State*, 257 A.2d 385 (Del. 1969). "[T]he date of the violation is the controlling factor in a challenge to a VOP hearing conducted after the expiration of an offender's probationary period." *Moody v. State*, 988 A.2d 451, 454 (Del. 2010). Petitioner admits that he was on Level III probation in April 2014 when he was charged with possession, which is the offense that led to his VOP. (D.I. 1 at 1)

5

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). Petitioner's § 2254 Petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA's limitations period, "like any other statute of limitations provisions, must be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004).

Petitioner's § 2254 Petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), or (C) for Claims One and Two.[5] To the extent Petitioner attempts to trigger a later starting date under § 2244(d)(1)(D) with his statement that he was "unaware of the issues at hand until [he] was picked up on federal charges and now [his] state priors are being used to boost [up his] possible federal sentence time," the attempt is unavailing. (D.I. 5 at 13) With due diligence at the time of his sentencing in 2011, Petitioner could have discovered that Delaware law classifies second degree burglary as a violent felony and that both case numbers appeared on his sentence order. Therefore, the one-year period of limitations for those two Claims began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on February 4, 2011, and he did

---

[5]Although the Court has determined that it lacks jurisdiction over Claim Two because it does not assert an issue cognizable on federal habeas review, the Court will also alternatively dismiss Claim Two as time-barred.

6

not appeal that judgment. Therefore, Petitioner's conviction became final on March 7, 2011. *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until March 7, 2012 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary of date it began to run).

Petitioner, however, waited until October 20, 2015 to file the instant Petition, which was approximately three and one-half years after the expiration of the limitations period.[6] Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

[6]Pursuant to the prison mailbox rule, the Court adopts as the date of filing the date stamped on the envelope indicating when it was processed at FDC Philadelphia: October 20, 2015. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

7

Since Petitioner did not file any post-conviction motions, there is no basis upon which to statutorily toll the limitations period. As a result, the Petition is time-barred, unless equitable tolling is available.

**B. Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). In addition, given Petitioner's unexplained more-than-three year delay in filing the instant Petition, Petitioner has failed to demonstrate that he exercised reasonable diligence in pursuing his rights. For all of these reasons, the Court concludes that equitable tolling is not

8

available on the facts presented by Petitioner. Accordingly, the Court will dismiss Claims One and Two as time-barred.[7]

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because the Claims are time-barred and/or fail to assert issues cognizable on federal habeas review. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

---

[7]Given this conclusion, the Court will not address the State's additional reason for dismissing the Petition.